## ADAMS' Appeal.

A mortgage unrecorded in the life time of the mortgagor, has no preference over other specialty debts, out of the proceeds of the sale by the sheriff of the mortgaged premises, after the decease of the mortgagor.

This was an appeal by *John Adams* from the decree of the Court of Common Pleas of Huntingdon county, distributing the proceeds of the sale, by the sheriff, of the real estate of *James Adams*, deceased.

*James Adams*, in his life time, being the owner of a tract of land, executed a mortgage upon it to *John Adams*, to secure the payment of a certain debt: he also became indebted to several other persons by specialties, and died. After his death the mortgage was put upon record, sued and judgment obtained thereon. The same land was then sold on an execution by the sheriff, and the money brought into court for appropriation: and the question presented to the court was, whether the unrecorded mortgage was entitled to a preference over the other debts of *James Adams*, deceased, which were secured by specialties.

The court below made a decree, distributing the proceeds of the sale *pro rata* among all the specialty creditors of the de-

(Adams' Appeal.)

ceased, including the mortgagee; from which decision ,John Adams appealed.

*Bell*, for appellant.

An unrecorded mortgage is good against the mortgagor, the recording act being only intended to protect subsequent judgment creditors and purchasers. A creditor of the mortgagor, unless he be a lien creditor, cannot take advantage of the want of recording of the mortgage, which the mortgagor himself could not take. *Levinz* v. *Will*, 1 *Dall.* 430. The mortgagee might have sustained an ejectment, and recovered the land itself. *Smith* v. *Shaler*, 12 *Serg. & Rawle*, 240. Having thus an equitable specific lien on the land, he is entitled to a preference over the specialty creditors.

*Potter*, for defendant in error, whom the court declined to hear.

The opinion of the court was delivered by

SMITH, J.—The moment a man dies, leaving debts, every one of his creditors has a lien on his estate. Such debts have their various grades, fixed by the death of the debtor, and all specialty debts come in, and are to be paid equally. The law requires a mortgage to be recorded in six months, and no estate will pass by it, unless recorded within that period. It is true the act of assembly was made for the protection of mortgagees; but like others, they may lose their lien and their protection by neglect. "Liens," said the present chief justice, in delivering the opinion of this court, in *Kauffelt* v. *Bower*, 7 *Serg. & Rawle*, 64, "are permitted; but those who have them, are laid under severe limitations and restrictions. Thus, by act of assembly a judgment continues a lien for but five years, unless within that period, it be revived by *scire facias;* and by the acts of 1715, and 1775, no mortgage could affect the land, unless it were recorded within six months from the date. This has, however, been altered in some respects by an act of the last session." The owner of this mortgage having neglected the requisition of the law in regard to the recording of it, it is only to be considered as a specialty. In fact, to give to it now, the validity of a regular mortgage, would repeal the acts of the 28th of May, 1815, and of the 28th of March, 1820, and the 14th section of the act of 1794, and the tendency of the decision would be to defeat all the valuable purposes of those enactments. Nothing favourable to the claim of the executors of *John Adams*, can be drawn from any of the decisions made in England, or other countries, where the laws do not require mortgages to be recorded, for our recording acts, by their very terms, have put those decisions all out of the question.

                                        Decree affirmed.